UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                                                              (973) 645-4693
BANKRUPTCY JUDGE                                                                                                  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**DEC. 1, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

December 1, 2008

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Goodwin Procter LLP
Emanuel C. Grillo, Esq.
The New York Times Building
620 Eighth Avenue
New York, New York 10018
***Co-Counsel for TriDec Acquisition Co.***

Saiber LLC
Nancy A. Washington, Esq.
March A. Roney, Esq.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
***Co-Counsel for Hecny Transportation Ltd.***
***and Hecny Shipping Ltd.***

Gibbons P.C.
Geraldine E. Ponto, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
***Co-Counsel for TriDec Acquisition Co.***

Bell, Boyd & Lloyd LLP
Irving B. Levinson, Esq.
John S. Delnero, Esq.
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
 ***Co-Counsel for Hecny Transportation Ltd.***
***and Hecny Shipping***

Page 2
December 1, 2008

Dear Counsel:

Before the Court is TriDec Acquisition Co., Inc.'s, (hereinafter "TriDec" or "Intervenor") motion to stay the instant adversary proceeding pursuant to Bankruptcy Rule 5011(c) or, in the alternative, to quash a third-party subpoena. Hecny Transportation Limited and Hecny Shipping Limited (collectively referred to as "Hecny") commenced the instant adversary proceeding against Summit Global Logistics and its related affiliates[1] ("Debtors") and issued a subpoena for production of documents upon Brown Rudnick LLP ("Brown Rudnick"), the Debtors' pre-petition counsel and previously retained special counsel in the instant bankruptcy case. Hecny filed opposition to the instant motion and TriDec replied.

At the oral argument on the instant motion, TriDec notified the Court that it no longer seeks to quash the subpoena as the case has been converted to Chapter 7, thus the Court will rule only on the motion to stay the adversary proceeding. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

The Debtors filed for voluntary Chapter 11 protection on January 30, 2008. The case has since been converted to Chapter 7 on November 12, 2008. Hecny commenced the instant adversary proceeding on March 13, 2008 seeking, *inter alia*, monetary damages for interference with its business, solicitation of employee, and a constructive trust on the Debtors' assets. *See Motion and Memorandum of Law of TriDec Acquisition Co., Inc. For a Stay of the Adversary Proceeding Pursuant to Fed. R. Bankr. P. 5011© or, in the Alternative, to Quash Third-Party Subpoena ("TriDec Mot."),* ¶ 2; *Hecny's Response in Opposition to TriDec Acquisition Co. Inc.'s Motion for a Stay of the Adversary Proceeding or, in the Alternative, to Quash Third-Party Subpoena ("Hecny's Response")*, 3. On March 14, 2008, Hecny filed a motion for withdrawal of the reference which is currently pending before the United States District Court, District of New Jersey. *TriDec Mot.* at ¶ 3. This Court approved a sale of the Debtors' assets to TriDec on March 26, 2008. *Id.* at ¶ 4. Thereafter, TriDec sought to intervene in the instant adversary proceeding to protect the purchased assets and the Court granted the motion on April 21, 2008. *Id*.

---

[1] The jointly administered Debtors are: (1) Summit Global Logistics, Inc.; (2) AmeRussia Shipping Company, Inc., (3) AMR Investments, Inc.; (4) Clare Freight Los Angeles, Inc.; (5) Fashion Marketing, Inc.; (6) FMI Express Corp.; (7) FMI Holdco I, LLC; (8) FMI International Corp.; (9) FMI International Corp. (West); (10) FMI International LLC; (11) FMI Trucking, Inc.; (12) Freight Management LLC; (13) Maritime Logistics US Holdings Inc.; (14) SeaMaster Logistics, Inc.; (15) Summit Logistics International Inc.; (16) TUG New York, Inc.; and (17) TUG USA, Inc.

Page 3
December 1, 2008

Currently pending is TriDec's motion to dismiss the adversary proceeding on the grounds that the imposition of a constructive trust would violate the Court's Order approving the sale. *Id.* at ¶ 5. TriDec previously sought a stay of discovery until disposition of the motion to dismiss, a request which this Court denied. *Id.* at ¶ 6. Thereafter, in response to Hecny's requests, TriDec produced documents and two former officers appeared for depositions. *Id.* TriDec submits that it produced approximately 57,000 pages of materials. *Id.*

Hecny argues that TriDec failed to produce documents in a timely manner in accordance with the Court's Order. *Hecny Response* at 4. Moreover, Hecny contends that the documents that were produced comprised largely of Securities and Exchange Commission public filings, drafts of such, and closing binders for various tangential mergers and acquisitions for November 2006 through April 2007. *Id.* Hecny finds the time frame to be narrow and its requests were for March through November 2006 and April 2007 to the present. *Id.* Hecny argues that TriDec has "unilaterally stayed discovery in this case, where its litigation efforts to do so have been denied by this Court." *Id.* at 5. Since the filing of this motion, Hecny has also filed a motion to compel the production of documents and a motion for entry of a protective order and the de-designation of "highly confidential" documents to be heard in early December.

## Discussion

Both parties raise the issue of the pending motion to dismiss the adversary proceeding before this Court. As this Court has previously stated, in deference to the District Court, the Court will withhold decision on the motion to dismiss until the District Court rules on the motion for withdrawal of the reference and jurisdiction over this adversary proceeding is determined.

The Court will now turn to the motion to stay the adversary proceeding. Federal Rule of Bankruptcy Procedure 5011(c) provides:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge.

FED. R. BANKR. P. 5011(c) (2008). A motion made pursuant to Bankruptcy Rule 5011(c) requires the moving party to show: (a) the likelihood of prevailing on the merits; (b) that it will suffer irreparable harm if the stay is denied; (c) that the other party will not be substantially harmed by the stay; and (d) that the public interest will be served by granting the stay. *See Northwestern Inst. of Psychiatry, Inc. v. Travelers Indem. Co. (In re Northwestern Inst. of Psychiatry)*, 268 B.R. 79, 83 (Bankr. E.D. Pa. 2001); *Miller v. Vigilant Ins. Co. (In re Eagle Enters.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001).

Page 4
December 1, 2008

In addressing the instant motion to stay the adversary proceeding, the Court must determine the likelihood that Hecny will succeed on the merits of the withdrawal motion in the District Court. TriDec argues that the District Court will deny the motion to withdraw the reference because the crux of the adversary complaint is Hecny's allegation seeking the imposition of a constructive trust over the Debtors' sold assets, a core proceeding because it is a determination of property of the estate. Hecny argues instead that it has a right to a jury trial which would have to be conducted by the District Court and that the complaint is dominated by non-core issues.

This Court acknowledges that in disposing of the motion to withdraw the reference, the District Court may sever the adversary complaint and withdraw the reference as to certain counts while leaving jurisdiction with the Bankruptcy Court on other issues. *See In re Northwestern Inst. of Psychiatry*, 268 B.R. at 84. Furthermore, the District Court may also determine that the Bankruptcy Court should retain jurisdiction until the case is "trial ready" upon which the reference may be withdraw for the purpose of conducting the requested jury trial. *See Envt'l Litig. Group, P.C. v. Crawford (In re Price)*, 2007 Bankr. LEXIS 1366, at *30 (Bankr. N.D. Ala., S. Div. April 16, 2007) ("The District Court held that all pre-trial matters should be resolved in the bankruptcy court, including dispositive motions, until the case was ready for trial, at which point the reference should be withdrawn."); *In re Northwestern Inst. of Psychiatry*, 268 B.R. at 84-85. Without specifically addressing the claims for mandatory and permissive withdrawal, this Court recognizes that it is likely that it will be involved in pre-trial matters including the adjudication of dispositive motions. Nevertheless, as stated on the record on several occasions, and above, out of deference to the District Court, this Court will await decision on the motion to withdraw the reference before proceeding.

The potential harm to the parties are further considerations for this Court. TriDec submits that continuing discovery leads to expense and use of resources. In addition, TriDec believes that discovery disputes should be decided by the Court ultimately exercising jurisdiction over this case. Moreover, TriDec specifically states: "Hecny should not be able to prevent dismissal of its constructive trust claims through a stay of the motion to dismiss indefinitely and simultaneously obtaining discovery in the United States for its use in the Hong Kong proceeding. . . ." *Reply of TriDec Acquisition Co., Inc. In Support of Motion for a Stay of the Adversary Proceeding Pursuant to Fed. R. Bankr. P. 5011(c) or, in the Alternative, to Quash Third-Party Subpoena ("TriDec's Reply")*, at ¶ 2. Hecny submits that it too is incurring expense conducting discovery and filing motions related to the discovery disputes. Additionally, Hecny suggests that TriDec's basis for a stay of the adversary proceeding is the impact on the Chapter 11 cases and its ability to wind down the estate; however, that is now moot due to the conversion to Chapter 7.

The arguments of the parties as to the harms they suffer are recognized, however, they do not weigh in favor of staying the entirety of the adversary proceeding. This Court believes that its decision to await the outcome of the withdrawal motion before addressing the pending motion to dismiss, does not impact discovery in the adversary proceeding. Regardless of whether the adversary proceeding is before the District Court or the Bankruptcy Court, discovery may be necessary and is governed by the Federal Rules of Civil Procedure (as adopted under the Federal Rules of Bankruptcy Procedure). "Even if the withdrawal motion is granted, the litigation relating to the claims will simply be transferred to

Page 5
December 1, 2008

the District Court and the same discovery would be conducted. . . . Thus, there are no duplicative activities, no risks have having to litigate the same issues twice and no risks that duplicative expenses will be incurred." *In re Dana Corp.*, 2007 Bankr. LEXIS 3328, at *4-5 (Bankr. S.D.N.Y. October 3, 2007). Thus, discovery shall proceed in this case and discovery disputes will be resolved by this Court until jurisdiction is determined.

As to the last factor, the public interest served by the stay, this Court finds that no true public interest is at stake. Thus, in balancing the factors, this Court determines that TriDec's request for a stay should be denied as the factors weigh in favor of Hecny. Thus, discovery should continue and TriDec's request to stay the adversary proceeding is hereby denied.

## **Conclusion**

While the Court continues to carry the pending motion to dismiss the adversary proceeding, discovery in this matter shall proceed. For the foregoing reasons, TriDec's motion to stay the adversary proceeding is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure