**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In Re:**<br><br>**SUMMIT GLOBAL LOGISTICS, INC.** *et al.*,<br><br>                    Debtor.<br><br>**HECNY TRANSPORTATION LIMITED and HECNY SHIPPING LIMITED**,<br><br>                    Plaintiffs,<br><br>    v.<br><br>**SUMMIT GLOBAL LOGISTICS, INC.** *et al.*,<br><br>                    Defendants,<br>and<br><br>**TRIDEC ACQUISITION CO., INC.**<br><br>                    Intervenor. | Case No.: 08-11566 (DHS)<br><br>Adv. No.: 08-01241 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J.<br><br><br>**FILED**<br>JAMES J. WALDRON, CLERK<br><br>**MARCH 23, 2009**<br><br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY:  s/ Ronnie Plasner, DEPUTY |

**OPINION**

**APPEARANCES:**

**Saiber LLC**
Nancy A. Washington, Esq.
Mark A. Roney, Esq.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
*Co-Counsel for Hecny Transportation Limited*
*and Hecny Shipping Limited*


**K&L Gates LLP**
**(formerly Bell, Boyd & Lloyd LLP)**
Irving B. Levinson, Esq.
John S. Delnero, Esq.
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
*Co-Counsel for Hecny Transportation Limited*
*and Hecny Shipping Limited*


**Goodwin Proctor LLP**
Emanuel C. Grillo, Esq.
The New York Times Building
620 Eighth Avenue
New York, New York 10018
*Co-Counsel for TriDec Acquisition Co., Inc.*


**Gibbons P.C.**
Geraldine E. Ponto, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
*Co-Counsel for TriDec Acquisition Co., Inc.*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion filed by Hecny Transportation Limited and Hecny Shipping Limited (hereinafter collectively referred to as "Hecny") seeking the entry of a protective order and the de-designation of "Highly Confidential" documents produced by TriDec Acquisition Co, Inc. ("TriDec") and Summit Global Logistics, Inc. and its subsidiaries and affiliates ("Debtors"). The parties entered into a temporary protective order which prohibited Hecny from utilizing the documents marked "Highly Confidential" in any other litigation. This order was to remain in place until a time when the Court entered a final protective order. In addition, Hecny seeks the de-designation of twenty-three (23) deposition exhibits and all correspondence addressed "to" or "from" Jerry Huang from January 1, 2005 to March 31, 2007 ("Key Documents").

TriDec opposes the motion arguing that Hecny is seeking to use the discovery in this case to obtain a competitive advantage and is failing to comply with international discovery rules under 28 U.S.C. Section 1782. In its reply, Hecny maintains that TriDec cannot approve disclosure with the condition that the documents only be shown to limited individuals at Hecny and limit the use in the foreign litigation by simply affixing the label "Highly Confidential" to otherwise non-confidential documents.

Hecny seeks to have the Court enter its proposed Protective Order which would replace the existing temporary agreement entered into by the parties. Hecny contends that the temporary agreement is unduly restrictive in that it prevents the dissemination of documents to anyone other than Hecny's counsel or a deponent.

Pursuant to Federal Rule of Civil Procedure 26(c), a party may move for the entry of a protective order in the court where an action is pending. FED. R. CIV. P. 26(c). The proponent of a protective order must demonstrate good cause to prevent embarrassment, oppression, undue burden or expense. *See id.* TriDec has asserted that dissemination of the discovery could provide Hecny with a competitive advantage in their industry.

The Third Circuit specifically has stated "a business will have to show with some specificity that the embarrassment resulting from dissemination of the information would cause a significant harm to its competitive and financial position." *Cippollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 89 (D.N.J. 1986) (citing *Cippolone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)); *see Smith v. BIC Corp.*, 869 F.2d 194, 201 (3d Cir. 1989); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 660 (D.N.J 2004) (requiring specificity as to a cognizable harm). Other than the blanket assertion that its competitive position may be impacted, TriDec has failed to provide concrete examples of such harm. TriDec stated at oral argument that it does not object to the form of the proposed Protective Order; however, it does maintain an objection to the use of discovery in support of other litigation.

TriDec has steadfastly argued throughout the bankruptcy and adversary proceedings that Hecny's conduct has been motivated by the litigation pending in Hong Kong against Hecny's former and TriDec's current employee, Jerry Huang. To support its position that it should be free to use discovery obtained in the instant adversary proceeding in other litigation, Hecny cites to *Cippolone* and *What's the Score v. UST, Inc.*, No. 97-3467, 1999 U.S. Dist. LEXIS 14714 (D.N.J. Apr. 13, 1999). TriDec contends that these cases are inapposite as they relate to pending litigations within

4

the United States, while Hecny is attempting to utilize these cases to circumvent discovery rules in foreign tribunals. TriDec also maintains that neither it nor its predecessor, Summit Global Logistics, Inc. are party to the action in Hong Kong against Jerry Huang. While this Court agrees that *Cipplone* and *What's the Score* do allow for use of discovery in other litigations in order to prevent duplicative efforts and to "speed[] up what may otherwise be a lengthy process," this Court recognizes that the situation here is a litigation pending in a foreign tribunal rather than another venue in the United States. *See Re: What's the Score v. UST, Inc.*, No. 97-3467 (NHP), 1999 U.S. Dist. 14714 at *3-4; *Cippolone*, 113 F.R.D. at 91.

In making its argument against the use of discovery in the Hong Kong litigation, TriDec relies upon *Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241 (2004). In *Intel*, the Supreme Court interpreted 28 U.S.C. § 1782 and determined that "the statute authorizes, but does not require, a federal district court to provide assistance to a complainant in a [foreign] proceeding that leads to a dispositive ruling. . . ." *Id.* at 255. A district court may grant an application made pursuant to Section 1782 when: (1) the person resides or is found in the district where the application is made; (2) the discovery is "for use" in a proceeding before a foreign tribunal; and (3) the application may be made by a foreign tribunal or "any interested person." 28 U.S.C. § 1782(a) (2009); *In re Imanagement Servs.*, 2006 U.S. Dist. LEXIS 8876, *5-6 (D.N.J. Feb 28, 2006) (citing *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)).

In determining whether Section 1782 was applicable, the Supreme Court provided the following factors to be considered: (a) whether the party from which discovery is sought is a participant in the foreign proceeding; (b) the nature of the foreign tribunal; (c) the character of the

proceedings underway abroad; and (d) the receptivity of the foreign government, agency or court to United States federal court assistance. *Intel,* 542 U.S. at 265. Simply put, the Supreme Court assessed that the Section 1782 has clear utility when discovery is sought from a non-participant in the foreign tribunal and when a Section 1782 request is an "attempt to circumvent foreign-proof gathering restriction or other policies of a foreign country or the United States." *Id.*

The Court agrees with TriDec's reliance on *Intel*. TriDec is not a party to the foreign action pending in Hong Kong. The procedural posture of the instant adversary proceeding with a simultaneous proceeding pending in Hong Kong is the type of situation for which Section 1782 should be utilized. Since no application has been made here pursuant to Section 1782, this Court will not make a determination at this juncture. Therefore, until a time when a Section 1782 application is made and a decision rendered on that application, discovery exchanged in the instant matter may not be used in any other litigation in a foreign tribunal.

For the foregoing reasons, Hecny's motion seeking entry of a protective order is hereby granted and the proposed Protective Order has been entered. Additionally, Hecny's motion to de-designate certain documents is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: March 23, 2009