UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Andrew S. Zimmerman, Esq.
Christopher Barbarisi, Esq.
K&L Gates LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Phone: 973-848-4000

-and-

Irving B. Levinson, Esq.
John S. Delnero, Esq.
K&L Gates LLP
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
Phone: 312-807-4446

Counsel for Hecny Transportation Limited
and Hecny Shipping Limited

In re:

SUMMIT GLOBAL LOGISTICS, INC., *et al.*[1],
                        Debtors.

HECNY TRANSPORTATION LIMITED and
HECNY SHIPPING LIMITED
                        Plaintiffs,
v.

SUMMIT GLOBAL LOGISTICS, INC.,
a Delaware corporation, et al.,
                        Defendants.

**FILED**
JAMES J. WALDRON, CLERK

OCT 27 2009

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

Chapter 7

Case No. 08-11566

Jointly Administered

Adv. Pro. No. 08-01241

## ORDER GRANTING THE MOTION TO FILE UNDER SEAL THE SETTLEMENT AGREEMENT AND TO REDACT THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

---

[1] The Debtors are: (1) Summit Global Logistics, Inc.; (2) AmeRussia Shipping Company Inc.; (3) AMR Investments Inc.; (4) Clare Freight Los Angeles, Inc.; (5) Fashion Marketing, Inc.; (6) FMI Express Corp.; (7) FMI Holdco I, LLC; (8) FMI International Corp.; (9) FMI International Corp. (West); (10) FMI International LLC; (11) FMI Trucking, Inc.; (12) Freight Management LLC (13) Maritime Logistics US Holdings Inc.; (14) SeaMaster Logistics Inc.; (15) Summit Logistics International Inc.; (16) TUG New York, Inc.; and (17) TUG USA, Inc.

*Oct 27, 2009*

D S/lui
USBJ

Page 2
Debtor:        Summit Global Logistics, Inc., *et al.*
Case No:       08-11566 (DHS)
Caption :      ORDER GRANTING MOTION TO FILE UNDER SEAL THE SETTLEMENT AGREEMENT

Upon the motion (the "Motion") of TriDec Acquisition Co., Inc. ("TriDec"), Hecny

Shipping Limited, Hecny Transportation Limited, and Catherine E. Youngman, as Chapter 7

Trustee (collectively, the "Movants"), for an Order, pursuant to sections 105(a) and 107(b) of

The United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9018 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Movants to file under

seal that certain settlement agreement by and between Hecny Transportation Limited, Hecny

Shipping Limited and Bright Fortune Shipping Limited (collectively, "Hecny"), on the one hand,

and Summit Global Logistics, Inc. ("Summit"), Summit Logistics International, Inc., TUG New

York, Inc., TUG USA, Inc., Maritime Logistics U.S. holdings, Inc., SeaMaster Logistics, Inc.

(collectively, the "Debtors"), TUG Logistics, Inc., TriDec, Robert Agresti ("Agresti"),

Christopher Dombalis, Peter Stone and Raymer McQuiston (collectively, "Defendants"), on the

other, referred to as the "Parties," and each, a "Party," (the "Settlement Agreement") and to

redact certain portions of the Motion to Approve Settlement Agreement Pursuant to Rule 9019 of

the Federal Rules of Bankruptcy Procedure (the "Motion to Approve the Settlement

Agreement"); and the Court having reviewed the Motion; and the Court having determined that

the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors, and other parties of interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and upon the record

herein; and after due deliberation thereon; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED.

Page 3
Debtor:            Summit Global Logistics, Inc., *et al.*
Case No:           08-11566 (DHS)
Caption :          ORDER GRANTING MOTION TO FILE UNDER SEAL THE SETTLEMENT AGREEMENT

---

2.     The Movants are authorized to file the Settlement Agreement and certain portions

of the Motion to Approve the Settlement Agreement under seal.

3.     This Court retains jurisdiction to hear and determine all matters arising from or

related to the implementation or interpretation of this Order.